UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TASHEBA ADKINSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14-CV-3048 |
| BRUCE RADCLIFF, LOGAN CORRECTIONAL CENTER | ) ) ) ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Logan Correctional Center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that she was wrongfully convicted. She also alleges that her criminal defense attorney, Bruce Radcliff, filed pleadings without her permission and falsely represented to the state court that he was representing Plaintiff pro bono. According

to Plaintiff, Mr. Radcliff told her that he would not diligently pursue her defense because she had not paid any fees to him.

If Plaintiff seeks to challenge her conviction, she must make that challenge in her state court criminal proceedings and appeal the decisions to the state appellate court and the Illinois Supreme Court. Only after exhausting all her state court remedies can Plaintiff come to federal court to challenge her state conviction. According to the docket in Plaintiff's state court criminal proceeding, a jury found Plaintiff guilty on November 6, 2013, and that verdict has been appealed. (docket sheet attached.)

Similarly, Plaintiff cannot pursue her claims against Attorney Radcliff in this Court. This Court is a federal court, which, in general, rules on violations of federal law. If Plaintiff is claiming that Attorney Radcliff committed malpractice, that is a state law claim that must be filed in state court. If Plaintiff is claiming that Attorney Radcliff committed ethical violations, she may report those violations to the Illinois Attorney and Registration Disciplinary Commission.

Lastly, Plaintiff alleges that she was wrongly disciplined in prison on false charges of flicking bloody feminine pads at a nurse

and masturbating in public. Plaintiff cannot appeal the disciplinary decisions to a federal court. The only possible way that this Court would have the power to hear these claims is if Plaintiff's procedural due process rights were violated before she was punished. In order to make this determination, the Court needs to know what punishment Plaintiff received and whether she received 24-hour notice of the disciplinary hearings, an opportunity to present evidence on her behalf, and a statement of reasons for the guilty findings. Additionally, Plaintiff must name as Defendants the individuals responsible for Plaintiff's discipline.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses Plaintiff's Complaint, without prejudice.

2) By July 11, 2014, Plaintiff may file another Complaint regarding her claim that she was wrongly disciplined. Plaintiff should attach, if possible, the Adjustment Committee reports and any decisions from the Administrative Review Board. Plaintiff should also explain what punishment she received and whether she

received 24-hour notice of the charges and an opportunity to present evidence on her behalf.

3) If Plaintiff does not submit an amended complaint, this case will be dismissed, without prejudice.

4) **The clerk is directed to send Plaintiff a copy of the standard Complaint and instructions.**

ENTERED: June 23, 2014

FOR THE COURT:

                          **s/Sue E. Myerscough**
                          SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE